UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPHINE FLUKER,

       Plaintiff,                                 Case No.  12-10612

v.                                             SENIOR UNITED STATES DISTRICT JUDGE
                                                  ARTHUR J. TARNOW

COMMISSIONER OF
SOCIAL SECURITY,                      MAGISTRATE JUDGE LAURIE J. MICHELSON

       Defendant.
_____/

**ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [13] AND GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT [10] AND DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT [11] AND REMANDING TO COMMISSIONER FOR
AWARD OF BENEFITS**

Now before the court is the Magistrate Judge's Report and Recommendation ("R&R") [13], entered on February 11, 2013, recommending that Plaintiff's Motion for Summary Judgment [10] be GRANTED and Defendant's Motion for Summary Judgment [11] be DENIED. Defendant filed Objections [15] on February 21, 2013.

For the reasons stated below, the Court ADOPTS IN PART the R&R. Plaintiff's Motion for Summary Judgment is GRANTED. Defendant's Motion for Summary Judgment is DENIED. This case is REMANDED to the Commissioner for an immediate award of benefits to Plaintiff.

**I. Procedural Background**

Plaintiff filed for disability insurance benefits ("DIB") and for supplemental security income benefits ("SSI") on January 18, 2007. She alleged that she had become unable to work on July 2, 2006. Her claims were denied on July 20, 2007. Plaintiff requested an administrative hearing and on February 11, 2009, she appeared before Administrative Law Judge (ALJ) James N. Gramenos. On May 22, 2009 the ALJ issued a decision concluding that Plaintiff was not disabled. The Social

Security Administration's Appeals Council vacated and remanded to the ALJ to obtain additional evidence and make additional analysis, including to "obtain evidence from a psychiatric medical expert, if available, to clarify the nature and severity of the claimant's impairments." Apparently without effort to comply with the Appeals Council's instruction, ALJ Gramenos held a second hearing on July 21, 2010. The ALJ once again found that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on December 28, 2011, and the ALJ's decision became the final decision of the Commissioner.

## II. Factual Background

The R&R sets out the facts of the case in a clear fashion, and the Court adopts the facts as set out in the R&R.

## III. Standard of Review

This Court reviews objections to a Magistrate Judge's R&R on dispositive issues, such as a decision regarding the award or denial of Social Security benefits, *de novo*. *See* 28 U.S.C. § 636(b)(1)(c) (2012). Making certain objections, but failing to raise others, will not preserve all objections a party may have to the R&R. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006). Objections to a Magistrate Judge's R&R must be specific. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006).

In reviewing an ALJ's decisions with regards to DBI and SSI benefits, 42 U.S.C. § 405(g) (2012) provides that the ALJ's "factual findings are conclusive if supported by substantial evidence." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

2

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)) (internal quotation marks omitted).

In order to determine "whether the Secretary's factual findings are supported by substantial evidence, we must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). So long as the conclusion is supported by substantial evidence, "this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). However, "a substantiality of evidence evaluation does not permit a selective reading of the record. 'Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *McLean v. Comm'r of Soc. Sec.*, 360 F. Supp. 2d 864, 869 (E.D. Mich. 2005) (quoting *Garner v. Heckler,* 745 F.2d 383, 388 (6th Cir. 1984)).

In assessing the factual findings, the Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 409 F.3d 506, 509 (6th Cir. 2007) (citing *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001)). "However, [the Court] may examine all evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision." *Ramsey v. Comm'r of Soc. Sec.*, No. 10-1695, 2011 WL 5966812, at *2 (N.D. Ohio 2011); *see also Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

## IV. Analysis

### Objection - ALJ's Decision Not Supported by Substantial Evidence

The R&R sets out at length the reasons for the Magistrate Judge's determination that the ALJ's decision was not supported by substantial evidence, and the Court adopts the R&R's reasoning in full. However, the Court will address Defendant's objection.

The Magistrate Judge found that the ALJ discounted the testimony of Plaintiff's treating physician, discounted the testimony of two examining physicians, discounted the testimony of a treating nurse practitioner, and discounted the testimony of two treating social workers in favor of the testimony of a non-examining state medical consultant.

The opinions of a treating physician, if supported by medically acceptable clinical and laboratory diagnostic techniques and inconsistent with other substantial evidence, is entitled to controlling weight. 20 C.F.R. § 404.1527(c). Even if not given controlling weight, the ALJ must consider a number of factors in determining how much weight to give to the treating physician's opinion. Similarly, an examining but non-treating physician's opinion must be weighed in accordance with the factors set out in 20 C.F.R. § 404.1527(c). Finally, nurse practitioners and social workers are considered "other sources" whose testimony "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 523, 541 (6th Cir. 2007).

The ALJ appears to have discounted all medical testimony because it conflicted with Plaintiff's "wide range of reported daily activities," which consist of occasionally watching her granddaughter, doing laundry, preparing her own meals, and occasionally holding bible study classes in her home.

Defendant suggests that it is the ALJ's duty to "resolve conflicting medical evidence." *Perales*, 402 U.S. 389, 399 (1971). The Court agrees. Here, however, there was no substantial "conflicting medical evidence." Rather, the ALJ assumed from the fact that Plaintiff was capable of engaging in limited daily activities that all medical evidence indicating her severe impairments should be discounted as "inconsistent." The ALJ then gave apparent controlling weight to the opinion of a state medical consultant who never examined the plaintiff and merely reviewed her medical records. The opinion of the state medical consultant is conclusory and seemingly without support from the medical evidence; the consultant simply ticked off various boxes in her assessment, listed Plaintiff's symptoms as they were diagnoses by Plaintiff's treating and examining physicians, and concluded that the Plaintiff had the mental capacity "to engage in simple work activity." (R. 474-491.) The Court also notes that the state medical consultant's analysis was limited to Plaintiff's *mental* health. The ALJ had no medical evidence at all to justify his discounting of Plaintiff's fibroid tumors, sarcoidosis, and diabetes.

As noted above, "a substantiality of evidence evaluation does not permit a selective reading of the record." Rather, "[s]ubstantiality of the evidence must be based upon the record taken as a whole." *McLean v. Comm'r of Soc. Sec.*, 360 F. Supp. 2d 864, 869 (E.D. Mich. 2005) (quoting *Garner v. Heckler,* 745 F.2d 383, 388 (6th Cir. 1984)).

Here the Court finds that there is not substantial evidence to support the ALJ's conclusion that Plaintiff is capable of work. Moreover, the ALJ's conclusion that Plaintiff's considerable medical evidence of disability should be disregarded is not supported by substantial evidence. As such, Defendant's Motion for Summary Judgment [11] is DENIED.

Having determined that the ALJ's decision lacked substantial evidence, the Court now turns to the question of Plaintiff's Motion for Summary Judgment. A district court may reverse the

decision of the Commissioner of Social Security and award benefits when "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *See Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). Here, the Court finds that a remand to a different ALJ for a third rehearing is unnecessary, as Plaintiff has provided substantial medical evidence that she is disabled and entitled to benefits. As such, Plaintiff's Motion for Summary Judgment [10] is GRANTED. The case is REMANDED to the Commissioner for an award of benefits to Plaintiff.

### Objection - Bias

Defendant also objects to the Magistrate Judge's conclusion that Plaintiff did not receive a full and fair hearing before an unbiased ALJ. While the Court has already determined that an immediate award of benefits is warranted, if such an award were not warranted the Court also finds that this case should be assigned to a different ALJ.

Defendant notes that this Court "must begin with the 'presumption that policymakers with decisionmaking power exercise their power with honesty and integrity.'" *Collier v. Comm'r of Soc. Sec.*, 108 F. App'x 358, 363-64 (6th Cir. 2004) (quoting *Navistar Int'l. Transp. Corp. v. EPA,* 941 F.2d 1339, 1360 (6th Cir.1991)). "The burden of overcoming the presumption of impartiality 'rests on the party making the assertion [of bias],' and the presumption can be overcome only with convincing evidence that 'a risk of actual bias or prejudgment' is present." *Navistar*, 941 F.2d at 1360 (citing *Schweiker v. McClure,* 456 U.S. 188, 196 (1982)).

Defendant argues that Plaintiff should have raised the issue of bias at the administrative level. The Court first notes that Defendant has cited no caselaw from this circuit that would require this Court to ignore bias on the part of an ALJ because a plaintiff had failed to complain of the bias at the administrative level. In addition, in her second appeal of the ALJ's determination to the

6

Appeals Council, Plaintiff alleges that the ALJ "exaggerates," "misstates," and "cherry-picks the evidence to show the claimant in the worst light possible." (R. 303-04.) Accordingly, the Court finds that Plaintiff did raise the issue of bias in the ALJ's decision to the Appeals Council.

Defendant next argues that, taken in isolation, the various comments and actions taken by the ALJ that reflect impartiality and bias can be explained. Defendant's arguments as to specific comments made by the ALJ range from weak (the ALJ's belligerent questioning of Plaintiff regarding the name of a local park "could be read as an odd line of questioning") to simply untenable (the ALJ's racially-tinged question regarding whether Plaintiff watched Oprah in the afternoon because it was popular in "this community" is excused because "race was never mentioned . . . ." Similarly, the ALJ's repeated attempts to hurry the hearing, which made it difficult for Plaintiff's counsel to create an adequate record are excused as "an attempt to hold an orderly and meaningful hearing").

The Court does not evaluate each comment in isolation. Rather, the Court must "examine the evidence in the record taken as a whole . . . ." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The R&R contains a detailed account of ALJ Gramenos' hostility to the Plaintiff, and his repeated mischaracterization of Plaintiff's own testimony. More disturbingly, the R&R contains a number of examples of the ALJ preventing Plaintiff's counsel from fully developing the record, by either cutting off lines of questioning, or by chastising Plaintiff's counsel for attempting to introduce further medical evidence, with the ALJ stating that the hearing "should not have been this long." Tr. 102-103.

Finally, while not dispositive, the R&R also notes ALJ Gramenos' previous admonishment by two judges of this Court for failing to afford Social Security claimants a fair and impartial hearing.

7

Accordingly, taking the record as a whole, the Court finds that Plaintiff has established by convincing evidence that "a risk of actual bias or prejudgment" was present at her hearing. *Navistar*, 941 F.2d at 1360. As such, in the event that an immediate award of benefits is not warranted, the Court ADOPTS the R&R's suggestion that this case be remanded to a different ALJ for a fair and impartial hearing.

## VII. Conclusion

The Court having reviewed the record in this case, the Report and Recommendation [13] of the Magistrate Judge is hereby **ADOPTED IN PART** as the findings of the Court. Defendant's Motion for Summary Judgment [11] and Objections [15] are **DENIED**. Plaintiff's Motion for Summary Judgment [10] is **GRANTED** and this case is **REMANDED** to the Commissioner for an award of benefits to Plaintiff.

**SO ORDERED**.

Dated: **March 18, 2013**

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge